UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CORNELL RIVERS, SR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:15-CV-0704-B |
| § | |
| BANK OF AMERICA, N.A. and § | |
| MACKIE, WOLF, ZIENTZ & MANN, § | |
| P.C., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (doc. 5), filed on March 10, 2015. For the reasons set forth below, the Motion is **GRANTED**.

I.

BACKGROUND[1]

*A.   Factual Background*

This case arises out of a dispute regarding the foreclosure of Plaintiff's property. According to Plaintiff Cornell Rivers, Sr. ("Rivers"), he executed a note in the amount of $261,548.00 (the "Note") on December 22, 2008 for the purchase of property located at 1118 Fieldstone Drive, Cedar Hill, Texas (the "Property"). Doc. 1-1, Ex. B-1, Petition for Temporary Restraining Order and Application for Temporary Injunction ("Orig. Pet.") 1–2; Ex. A to Orig. Pet., Note. The Note,

---

[1] The Court draws its factual account from the allegations contained in Plaintiff Cornell Rivers, Sr.'s Petition for Temporary Restraining Order and Application for Temporary Injunction (doc. 1-1), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

secured by the Property, was made payable to Realty Mortgage Company ("Realty"). *Id.* At this time, Rivers also executed a deed of trust (the "Deed of Trust") granting Realty a security interest in the Property. Orig. Pet. 2; Ex. B to Orig. Pet., Deed of Trust. The Deed of Trust further listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for Realty. *Id.* Pursuant to the Note and Deed of Trust, Rivers was required to make payments on the loan obligations and pay any applicable charges and fees. *Id.*

On November 2, 2011, MERS assigned and transferred its interest in the Deed of Trust to Defendant Bank of America, N.A. ("BANA"). Orig. Pet. 2; Ex. C to Orig. Pet., Assignment of Deed of Trust. Rivers asserts that this assignment was invalid because MERS, the assignor, was only the nominee for Realty and allegedly lacked the authority to convey any interest in the Note. Orig. Pet. 2. Rivers further maintains that the assignment is the product of fraud and is therefore void. *Id.* at 3.

Although Rivers does not detail the circumstances leading up to the foreclosure of his home, he indicates that BANA conducted a foreclosure sale of the Property on December 4, 2012. *Id.* at 2. He alleges that on February 17, 2015—over two years after the foreclosure—the Dallas County Constable's Office placed a 24-hour notice of eviction on the Property. *Id.* at 3.

To challenge the Property's foreclosure, Rivers filed this action in state court on February 17, 2015 against Defendants BANA and the law firm Mackie, Wolf, Zientz & Mann, P.C.[2] *See*

---

[2] Rivers does not specify what causes of action he asserts against Defendant Mackie, Wolf, Zientz & Mann, P.C. Throughout his pleadings, Rivers refers to "Defendants," which presumably encompasses both BANA and Mackie, Wolf, Zientz & Mann, P.C. However, the sole allegation that specifically pertains to Mackie, Wolf, Zientz & Mann, P.C. is the following: "Defendant[] Mackie, Wolf, Zientz & Mann, P.C. helped perpetuate the use of the fraudulent Assignment of Deed of Trust on behalf of its client, thereby committing fraudulent conduct that is not protected by immunity." Orig. Pet. 3.

Orig. Pet. Rivers alleges that BANA lacked the authority to pursue the foreclosure, as it relied on an invalid assignment and was not the holder of the Note. *Id.* at 2–7. Accordingly, Rivers asserts claims for violation of the Truth in Lending Act and breach of contract. *Id.* at 10–13. As a remedy, Rivers seeks a judgment declaring that the assignment and foreclosure sale are void, that BANA has no rights to the Property, and that the Note and Deed of Trust are no longer a lien against the Property. *Id.* at 15.

B.      *Procedural Background*

BANA removed the case to this Court on March 3, 2015. *See* doc. 1, Notice of Removal. On March 10, 2015, BANA filed the present Motion to Dismiss (doc. 5) seeking dismissal of all claims brought by Rivers. Rivers, at this time appearing *pro se*, submitted his Response (doc. 7)[3] on March 24, 2015, to which BANA replied (doc. 10) on April 7, 2015. As such, the Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most

---

[3] Regrettably, Rivers's Response does not address the issues raised in BANA's Motion to Dismiss and contains no substantive arguments for the Court's review. Following BANA's Reply, Rivers filed a Sur-reply (doc. 11), which largely reiterates the statements made in the Response.

favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

BANA seeks the dismissal of all the claims Rivers asserts in his Original Petition. It thus argues that the following theories and causes of action fail as a matter of law or lack sufficient factual support: (1) claim that the assignment is invalid; (2) split-the-note or show-me-the-note theory; (3) claim under the Truth in Lending Act; (4) breach of contract claim; and (5) request for declaratory judgment. Doc. 6, Br. in Support of Mot. to Dismiss ("Def.'s Br."). The Court addresses the parties' arguments as to these claims, in turn, below.

A.     *Validity of Assignment*

Rivers first asserts that the November 2, 2011 assignment of the Deed of Trust, which purported to assign the interest in the Deed of Trust to BANA, was invalid and therefore did not grant BANA the authority to foreclose on the Property. Orig. Pet. 2–3. Specifically, Rivers contends that the assignor, MERS, "was only the 'Nominee' for the Lender [Realty]" and, as such, had no authority to execute the assignment. *Id.* at 2. Rivers further argues that the assignment was fraudulent and that it is thus void. *Id.* at 3.

BANA maintains that Rivers has no standing to challenge the assignment, and that any such challenge would only make the assignment voidable at the election of the original lender. Def.'s Br. 3. The Court agrees. Indeed, the Fifth Circuit has held that "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). The present case involves a facially valid assignment of the Deed of Trust from MERS to BANA, and MERS, the assignor, has not challenged the assignment. While Rivers maintains that the individual executing the assignment, Tina LeRaybaud, Assistant Secretary of MERS, "is not listed as a Trustee of the Deed of Trust," such an assertion does not render the assignment facially invalid. *See* Orig. Pet. 3; Assignment of Deed of Trust. Rivers further notes his suspicion as to the notary public block, which is located on the page after the assignment. *Id.* This, however, similarly fails to challenge the facial validity of the assignment, as the notary page contains the necessary information and signatures. *See* Assignment of Deed of Trust. Accordingly, Rivers lacks standing to challenge MERS's assignment of the Deed of Trust to BANA. *See Reinagel*, 735 F.3d at 226–28.

Moreover, BANA indicates that MERS is the nominee for the original lender, Realty—a

fact Rivers does not contest—and that its status as nominee does not preclude it from executing the assignment. Def.'s Br. 3–4; Orig. Pet. 2. The Court agrees and concludes that any challenge to the assignment based on MERS's status as a "nominee" cannot survive BANA's motion to dismiss. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252, 255 (5th Cir. 2013) (noting that MERS, as nominee for the original lender under a deed of trust, has the authority to foreclose or grant the authority to foreclose).

Lastly, to the extent Rivers relies on Texas Local Government Code § 192.007(a) to challenge the assignment, such a challenge fails. *See* Orig. Pet. 12 (discussing Texas Local Government Code § 192.007(a) without explaining its applicability or relevance). This section provides: "To release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded." Tex. Loc. Gov't Code § 192.007(a). As BANA correctly indicates, however, this provision does not impose an obligation on the parties to the assignment. Def.'s Br. 4. In fact, as the Fifth Circuit explained in *Reinagel*, Texas Local Government Code § 192.007(a) is an "obscure provision [that] has never been cited in a state court decision and is best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments." *Reinagel*, 735 F.3d at 228 n.27; *see also Hudson v. JP Morgan Chase Bank, N.A.*, 541 F. App'x 380, 384 (5th Cir. 2013).

In sum, Rivers's allegations fail to challenge the assignment of the Deed of Trust and cannot support his claim that BANA lacked the authority to foreclose on the Property. BANA's Motion to Dismiss as to this issue is therefore **GRANTED**.

B.   *Split-the-Note or Show-Me-the-Note Theory*

Rivers next contends that BANA was not entitled to foreclose on the Property because it was not the holder of a properly negotiated note. Orig. Pet. 3–6. Specifically, Rivers implies that the assignment split the Note from the Deed of Trust, leaving BANA with no debt on which it could foreclose. *Id.* BANA moves to dismiss these allegations to the extent they are an attempt to assert a show-me-the-note or split-the-note theory as a defense to the foreclosure on the Property. Def.'s Br. 4.

The Fifth Circuit has repeatedly rejected the "show-me-the-note" theory, which posits that "only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Martins*, 722 F.3d at 253 (quoting *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011)). This theory has been held to be without merit because, under Texas law, "promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, the note against the borrower and the lien against the real property." *Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *8 (N.D. Tex. July 9, 2013) (internal quotations omitted). If a lender wishes to secure a personal judgment against a borrower, it will usually be required to produce the original note in order to show it is a holder, but if it seeks to foreclose, it need not do so because "foreclosure is an independent action against the collateral that enforces the deed of trust, not the underlying note." *Id.* (citations omitted); *Martins*, 722 F.3d at 254 ("The original, signed note need not be produced in order to foreclose.").

The Texas Property Code permits mortgagees and mortgage servicers to "conduct a nonjudicial foreclosure sale 'under a power of sale conferred by a deed of trust or other contract

lien.'" *Asonibe v. Flagstar Bank, FSB*, No. 3:12-CV-2113-M-BH, 2013 WL 1828842, at *6 (N.D. Tex. Apr. 5, 2013) *report and recommendation adopted by* No. 3:12-CV-2113-M-BH, 2013 WL 1831747 (N.D. Tex. Apr. 30, 2013) (citing Tex. Prop. Code § 51.002). A "mortgagee" includes "the grantee, beneficiary, owner, or holder of a security instrument" or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.001(4)(A), (C). As a result, courts have repeatedly held that a mortgagee does not need to produce proof of the original note before conducting a nonjudicial foreclosure sale. *Asonibe*, 2013 WL 1828842, at *6.

Because the Deed of Trust in the present case named MERS as the beneficiary and nominee of Realty, and because MERS subsequently assigned the Deed of Trust to BANA, this assignment transferred all of the rights contained in the Deed of Trust, including the right to foreclose on the Property. *See Jones*, 2013 WL 3455716, at *8; *Asonibe*, 2013 WL 1828842, at *6; *see also* Deed of Trust; Assignment of Deed of Trust. BANA could thus foreclose on the Property without having to produce the original Note. Therefore, any request to declare the foreclosure invalid based on BANA's failure to produce the Note must fail. Accordingly, BANA's Motion to Dismiss is **GRANTED** as to this matter.

C.   *Truth in Lending Act*

Next, Rivers brings a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, alleging that BANA failed to notify him that the Deed of Trust was assigned to BANA within thirty days of the assignment, as required by 15 U.S.C. § 1641(g).[4] Orig. Pet. 10. Section 1641(g)

---

[4] Rivers's Original Petition also references Section 1641(f) of TILA, which "merely describes how a mortgage service[r] is treated for purposes of § 1641 and does not impose any obligations on [d]efendants,"

of TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" and provide the borrower with certain disclosures. 15 U.S.C. § 1641(g). BANA moves to dismiss this claim, noting that it is barred by TILA's one-year statute of limitations and that, even if it were not time-barred, it would fail to state a claim under 15 U.S.C. § 1641(g) because Rivers does not allege that BANA was transferred the rights under the Deed of Trust. Def.'s Br. 5.

Indeed, TILA claims under Section 1641(g) "are subject to a one year statute of limitations which runs from the end of the 30 days period after the date of an assignment." *Benitez v. America's Wholesale Lender*, No. H-14-953, 2014 WL 3388650, at *2 (S.D. Tex. July 9, 2014); *see also* 15 U.S.C. § 1641(e). Although Rivers objects to the validity of the assignment, he recognizes that this purported assignment occurred on November 2, 2011. Orig. Pet. 2. Thus, BANA had thirty days from this date to provide the required notice to Rivers, and the statute of limitations on a claim based on any failure to provide such notice expired one year thereafter, or on December 2, 2012. Regrettably, Rivers did not file the present TILA claim until February 17, 2015—over two years after the deadline to file such a claim. *See* Orig. Pet.

Perhaps in anticipation of BANA's argument on this issue, Rivers alleges that the one-year statute of limitations on his TILA claim should be equitably tolled because the relevant "information has been concealed and/or undiscoverable." *Id.* at 10. However, the copy of the assignment provided by Rivers himself indicates that it was "filed and recorded" in the "Official

---

and thus, "cannot form the basis of a claim for relief." *Barrett v. Bank of Am., N.A.*, No. 3:14-CV-3389-B, 2015 WL 668488, at *5 n.5 (N.D. Tex. Feb. 17, 2015) (citing 15 U.S.C. § 1641(f)).

Public Records" of Dallas County, Texas by the County Clerk on November 8, 2011. Assignment of Deed of Trust. Because this assignment has been part of the public record since November 2011, Rivers's insistence that the information relevant to his TILA claim was "concealed" or "undiscoverable" is unavailing. Accordingly, Rivers's TILA claim is time-barred, and BANA's Motion to Dismiss this claim is **GRANTED**.[5]

D.      *Breach of Contract*

Rivers also asserts a breach of contract claim against BANA. The elements of a claim for breach of contract under Texas law are: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages to the plaintiff resulting from the breach. *Lewis v. Bank of Am., NA*, 343 F.3d 540, 545 (5th Cir. 2003) (citing *Palmer v. Espey Hous. & Assocs.*, 84 S.W.3d 345, 353 (Tex. App.—Corpus Christi 2002, pet. denied)). In addition, the plaintiff must identify the specific contract provision that has been breached. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

Although Rivers asserts that the Deed of Trust was a valid contract between him and Realty, he does not specify how this contract was breached or which of its provisions is at issue. Instead, Rivers merely states, in a general manner, that "violations of Federal law and laws of local jurisdiction[s] constitute a failure to strictly adhere to the terms of the Deed of Trust." Orig. Pet. 12. It therefore appears that the breach of contract claim is based on the remaining allegations Rivers asserts throughout his pleadings. BANA moves to dismiss this claim, arguing that it is conclusory, lacks factual support, and does not satisfy the requisite elements. Def.'s Br. 6–7.

---

[5] Because the Court concludes that Rivers's claim under TILA is barred by the applicable statute of limitations, it need not address BANA's remaining arguments in favor of the claim's dismissal.

Having considered the relevant arguments and authorities, the Court concludes that Rivers has failed to plead sufficient facts from which the Court can reasonably infer that BANA breached the Deed of Trust. Rivers's unsupported, conclusory statements neither identify the contract provision that was allegedly breached nor the manner in which BANA engaged in such a breach. Moreover, because the breach of contract claim appears to be derivative of Rivers's claims that the assignment to BANA was void, that BANA lacked the authority to foreclose, and that it violated certain TILA provisions, and because the Court already determined that these three theories do not present viable claims for relief, the breach of contract claim must likewise fail. Accordingly, BANA's Motion to Dismiss the breach of contract claim is **GRANTED**.

E.   *Declaratory Judgment*

In addition to the claims set forth above, Rivers requests a judgment declaring that the assignment of the Deed of Trust and foreclosure sale of the Property are void, that BANA has no rights to the Property, and that the Note and Deed of Trust are no longer a lien against the Property. Orig. Pet. 15. Rivers thus asks the Court to enter a declaratory judgment establishing the "rights, obligations and interest of the parties with regard to the subject property." *Id.* at 14. In moving to dismiss this request, BANA correctly observes that the Court has addressed the issues underlying the request for declaratory judgment and has determined that they do not state viable claims for relief. Def.'s Br. 7.

As this Court has previously held, a request for a declaratory judgment "is remedial in nature and dependent upon the assertion of viable causes of action." *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 660 (N.D. Tex. 2014). Because the Court grants BANA's motion to dismiss as to Rivers's remaining claims (concluding that they either fail as a matter of law or lack

the requisite factual support), there are no other claims to which Rivers's request for declaratory judgment can attach. Accordingly, the Court **GRANTS** BANA's Motion to Dismiss as to this issue.

## IV.

## CONCLUSION

For the reasons stated above, Defendant Bank of America, N.A.'s Motion to Dismiss (doc. 5) is **GRANTED**. Accordingly, Plaintiff Cornell Rivers, Sr.'s claims against Defendant Bank of America, N.A. are **DISMISSED without prejudice**.

Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such repleading would be futile. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). In light of Rivers's *pro se* status, and because this Order is the Court's first review of Rivers's allegations, the Court concludes that he should be given the opportunity to replead his claims so as to address the issues noted above.

If Rivers is able to replead and overcome the grounds for dismissal described above, he should do so by no later than thirty (30) days from the date of this Order. Failure to file an amended pleading will result in a dismissal *with prejudice* of Rivers's claims against Defendant Bank of America, N.A.

SO ORDERED.

SIGNED: August 6, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE